UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CR-05-100-B-W |
| v. | ) | |
| | ) | |
| JAY BENJAMIN BOST | ) | |

**ORDER ON MOTION FOR TERMINATION OF SUPERVISED RELEASE**

Jay Benjamin Bost, having paid his fines and served his jail sentence, seeks to terminate the remainder of his supervised release term. (Docket #s 23, 24). Because this Court is constrained by the language of 18 U.S.C. § 3583(e)(1), this motion must be denied.

**I.     Background**

On December 29, 2005, this Court sentenced Jay Benjamin Bost to a term of imprisonment of 13 days with credit for time served, a $5,000 fine, a $100 special assessment fee, and six months of supervised release during which the customary initial travel restriction was waived. *Judgment* (Docket # 22). Mr. Bost has satisfied the monetary penalty.[1] On January 23, 2006, Mr. Bost moved for termination of his supervised release, and on February 2, he filed a supplemental motion stating he hopes to attend a month-long internship program at Kew Gardens in England, beginning in March. (Docket #s 23, 24). The Government filed a responsive motion, opposing early termination. (Docket # 25).

---

[1] In its February 6, 2006 memorandum, the Government claimed Mr. Bost still owed $1.07 in interest. *Gov't's Response to Def.'s Motion for Termination of Supervised Release* at 2 (Docket # 25). However, the next day the Government filed a Satisfaction of Judgment, affirming that the criminal monetary penalties have been paid in full. *Satisfaction of Judgment* (Docket # 26).

## II. Discussion

18 U.S.C. § 3583 governs supervised release. It provides that a court may "terminate a term of supervised release and discharge the defendant released at any time <u>after the expiration of one year of supervised release</u>…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice". *Id.* at (e)(1)(emphasis supplied). While the Court may "modify, reduce, or enlarge the <u>conditions</u> of supervised release" at any time "prior to the expiration or termination of the term of supervised release" pursuant to subsection (e)(2), subsection (e)(1) does not allow comparable leeway in terminating the <u>term</u> of supervised release. The statute grants the authority to terminate only "after the expiration of one year of supervised release." *Id.* at (e)(1). *See United States v. Chapman,* 827 F. Supp. 369, 371 (E.D. Va. 1993)(describing the one-year period as "the threshold requirement" for early termination). As Mr. Bost was sentenced just over a month ago, his motion for early termination is beyond this Court's authority to grant and must be denied.[2]

## III. Conclusion

This Court DENIES the Defendant's motion for termination of supervised release.

SO ORDERED.

                                             /s/ John A. Woodcock, Jr.
                                             JOHN A. WOODCOCK, JR.
                                             UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2006

---

[2] The Court regrets that at the sentencing hearing it may have given the Defendant false hope for early termination before it was aware of the one-year restriction.